# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN COTTLE, et al.,

    Plaintiff,

vs.

DOUG GILLESPIE, et al.,

    Defendants.

Case No. 2:10-CV-00271-JCM-(PAL)

**ORDER**

    Plaintiff Cottle has paid the initial partial filing fee. The court has reviewed his civil rights complaint pursuant to 42 U.S.C. § 1983 and his other motions. Cottle will need to file an amended complaint.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

   Cottle has named Kim Holland as another plaintiff, and he seeks to certify this action as a class action.  Kim Holland has not signed the complaint.  Despite Cottle's arguments to the contrary, Cottle has no involvement in the counts that involve Holland, which are counts 3 through 8.  Furthermore, Cottle cannot maintain a class action because "[h]e has no authority to appear as an attorney for others than himself."  <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966); <u>see also</u> <u>Russell v. United States</u>, 308 F.2d 78, 79 (9th Cir. 1962).  The Court will dismiss Kim Holland from this action.

   Much of the complaint is redundant.  Count 2 alleges the same facts as count 1.  Count 10 alleges the same facts as count 9.  Count 13 alleges the same facts as count 12.  Count 15 alleges the same facts as count 14.  Count 21 alleges the same facts as count 20.  Count 27 alleges half of the facts in count 28, and nothing more.  Count 29 alleges the same facts as count 24.  Counts 32 and 33 allege the same facts as count 31.  Count 35 alleges the same facts as count 34.  Counts 37, 38, and 39 allege the same facts as count 36.  Counts 41, 42, and 43 allege the same facts as count 40.  Counts 45 and 46 allege the same facts as count 44.  In the amended complaint, Cottle needs to leave out the redundant counts.  If he believes that a particular event violated more than one constitutional provision, then he should mention all of those provisions in the space provided at the top of each count in the complaint form.

   Some of the counts in the complaint are too vague.  In count 20, Cottle alleges that officers at the Clark County Detention Center put two spit hoods upon him after he spat upon the floor.  He alleges nothing else.  In count 16, Cottle alleges that defendant Yanos perjured himself at the preliminary hearing.  Cottle provides some quotations that might show how Yanos' statement was different from his testimony, but without any context.  In count 31, Cottle alleges in full, "John Doe #6 placed me—Sean Cottle—into a restraining chair."  In count 40, Cottle alleges in full, "John Doe #7 placed me—Sean Cottle—back into a restraining chair."  Vague and conclusory allegations such as these are insufficient to state a claim upon which relief can be granted.  <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

1    In many of his counts, Cottle alleges that his rights pursuant to the Eighth
2 Amendment were violated.  The Eighth Amendment's protections against cruel and unusual
3 punishment apply only to punishment imposed as a result of conviction of a crime.  Bell v. Wolfish,
4 441 U.S. 520, 535-37 & n.16 (1979).  Cottle's claims refer only to his arrest and to his treatment as
5 a pre-trial detainee in the Clark County Detention Center.  The Eighth Amendment is inapplicable to
6 Cottle's claims.  He will need to mention the correct constitutional provisions in his amended
7 complaint.
8    In addition to correcting the above-noted defects, Cottle will need to re-allege all of
9 his causes of action, or they will be waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).
10    Cottle has submitted a motion for leave to file (3) legal claims in one complaint (#2).
11 The court grants this motion in part, except for the request to certify this action as a class action.
12    Cottle has submitted a motion for "leave" of court (#3), in which he asks to file a
13 longer-than-normal complaint.  The court grants this request.
14    Cottle has submitted a motion for appointment of class counsel and/or other counsel
15 (#4), and a motion in support of appointment of counsel (#5).  "There is no constitutional right to
16 appointed counsel in a § 1983 action.  However, in 'exceptional circumstances,' a district court may
17 appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915[(e)(1)].  To decide whether
18 these exceptional circumstances exist, a district court must evaluate both the likelihood of success
19 on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity
20 of the legal issues involved."  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal
21 quotations and citations omitted), withdrawn on other grounds, 154 F.3d 952, 954 n.1 (9th Cir.
22 1998) (en banc).  The court finds that exceptional circumstances do not exist in this case, and the
23 court denies the motions.
24    Cottle has submitted a motion for "leave" of court (#6).  He asks the court to issue
25 summons and to serve a copy of the complaint upon each defendant.  If Cottle submits a complaint
26 that states claims upon which relief can be granted, then officers of the court serve process pursuant
27 to 28 U.S.C. § 1915(d).  This motion is moot.
28

1     Cottle has submitted a motion for leave (#7). He asks for the status of the case, which the court has given by this very order. This motion is moot.

    IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint.

    IT IS FURTHER ORDERED that plaintiff Kim Holland is **DISMISSED** from this action.

    IT IS FURTHER ORDERED that the clerk shall send to Cottle a civil rights complaint form with instructions. Cottle will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of counts 2-8, 10, 12, 13, 15, 20-23, and 25-46 from this action.

    IT IS FURTHER ORDERED that Cottle shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and Cottle shall place the case number, 2:10-CV-00271-JCM-(PAL), above the word "AMENDED."

    IT IS FURTHER ORDERED that Cottle's motion for leave to file (3) legal claims in one complaint (#2) is **GRANTED** in part.

    IT IS FURTHER ORDERED that Cottle's motion for "leave" of court (#3), in which he asks to file a longer-than-normal complaint is **GRANTED**.

    IT IS FURTHER ORDERED that Cottle's motion for appointment of class counsel and/or other counsel (#4) is **DENIED**.

    IT IS FURTHER ORDERED that Cottle's motion in support of appointment of counsel (#5) is **DENIED**.

    IT IS FURTHER ORDERED that Cottle's motion for "leave" of court (#6) is **DENIED** as moot.

///
///
///
///

1   IT IS FURTHER ORDERED that Cottle's motion for leave (#7) is **DENIED** as
2  moot.
3   DATED:  September 1, 2010.

_____
JAMES C. MAHAN
United States District Judge