# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN COTTLE, et al.,

    Plaintiff,

vs.

DOUG GILLESPIE, et al.,

    Defendants.

Case No. 2:10-CV-00271-JCM-(PAL)

**ORDER**

    The court has reviewed plaintiff's amended complaint. The court will dismiss one count, and the court will serve the amended complaint upon defendants for responses to the remaining counts.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

In count 1, plaintiff alleges essentially that defendant O'Daniel does not like him. However, he does not allege in this count that defendant O'Daniel actually did anything to him. Plaintiff has not stated a claim upon which relief can be granted, and the court will dismiss count 1.

In counts 2 through 7 and 13, plaintiff alleges that police officers and a correctional officer violated the Fourth Amendment by being present in his residence without legal reason, by the force that they used in arresting him, and by giving false statements before he was bound over for trial. Plaintiff has stated claims in these counts upon which relief can be granted.[1]

In count 8, plaintiff alleges that he was maliciously prosecuted on a charge on which he was ultimately acquitted. Plaintiff alleges that he spent 134 days in jail on that charge before the ruling in his favor. Plaintiff has stated a claim in this count upon which relief can be granted.

In count 9, plaintiff alleges that he was placed into extremely restrictive conditions of confinement in jail without any hearings as to why he was being treated differently from other inmates. Plaintiff has stated a claim in this count upon which relief can be granted.

In counts 10 through 12 and 14 through 16, plaintiff alleges that during the booking process at the jail officers physically abused him and medical staff ignored his serious injuries. Plaintiff has stated claims in these counts upon which relief can be granted.

Plaintiff has submitted a motion for leave and questions for clerk (#15). One question relates to service of process. The court will handle service of process pursuant to 28

---

[1] Plaintiff alleges in count 8 that he has been effectively acquitted of some charges. Plaintiff also has moved to a prison, which means that he has been convicted of some charges. If his allegations of false statements relate to the charges on which he has been convicted, then success on those counts would necessarily imply the invalidity of his conviction. Plaintiff would need to have his conviction vacated through other means before he can pursue a civil rights action pursuant to 42 U.S.C. § 1983 on those counts. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). It is not clear from the face of the amended complaint whether the allegations of false statements relate to the acquitted charges or the convicted charges, and thus the court will not dismiss any of them now. Further development of the record likely will indicate whether any of these counts are barred by <u>Heck</u>.

1  U.S.C. § 1915(d).  Plaintiff's other questions relate to a criminal case and ask for legal advice,
2  which the court will not give.  The court denies this motion (#15).
3        Plaintiff has submitted a motion to reconsider appointment of counsel (#16).
4  Nothing in the motion causes the court to depart from its denial (#11) of plaintiff's motion for
5  appointment of counsel.  Plaintiff also has submitted a list of evidence to be presented in discovery.
6  Discovery documents are not to be submitted to the court unless ordered.  LR 26-8.  The court
7  denies this motion (#16).
8        Plaintiff has submitted a motion on address change and new information on
9  witnesses, evidence, and John Does (#18).  Again, discovery documents are not to be submitted to
10 the court unless ordered.  LR 26-8.  Plaintiff also identifies two of four "John Doe" defendants.
11 Plaintiff needs to identify all the parties in the complaint itself without reference to other
12 documents; therefore, he will need to seek leave to file a second amended complaint.  The court
13 denies this motion.
14       Plaintiff has submitted a motion for leave (#20).  First, he asks for an extension of
15 time to serve process upon defendants.  As already noted, the court will handle service of process.
16 Second, he asks for additional time to identify the remaining two "John Doe" defendants.  Plaintiff
17 may seek leave to amend his complaint when he identifies those defendants, in accordance with any
18 scheduling order that the court might issue.  The court denies this motion.
19       IT IS THEREFORE ORDERED that the motion for leave and questions for clerk
20 (#15), the motion to reconsider appointment of counsel (#16), the motion on address change and
21 new information on witnesses, evidence, and John Does (#18), and the motion for leave (#20) are
22 **DENIED**.
23       IT IS FURTHER ORDERED that the clerk of the court file the amended complaint.
24       IT IS FURTHER ORDERED that count 1 of the amended complaint is **DISMISSED**
25 for failure to state a claim upon which relief can be granted.
26       IT IS THEREFORE ORDERED that the clerk shall issue summons to the named
27 defendants herein and deliver the same with copies of the amended complaint and this order to the
28 U.S. Marshal for service.  Plaintiff shall have twenty (20) days in which to furnish to the U.S.

Marshal the required Forms USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the amended complaint was filed.

       IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

       DATED: December 30, 2010.

                                          JAMES C. MAHAN  
                                          United States District Judge