# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN COTTLE, et al.,

    Plaintiff,

vs.

DOUG GILLESPIE, et al.,

    Defendants.

Case No. 2:10-CV-00271-JCM-(PAL)

**ORDER**

    Presently before the court is defendants Douglas Gillespie's, Clark County Detention Center's ("CCDC") and Las Vegas Metropolitan Police Department's ("LVMPD") motion to dismiss (doc. #40) pro se plaintiff Sean Cottle's amended complaint (doc. # 22) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed an opposition (doc. #51) and defendants have filed a reply (doc. #56). Also before the court is defendants Officer Halasi's[1] and Melanie O'Daniel's motion to dismiss (doc. #59) plaintiff's complaint. Plaintiff has filed an opposition (doc. #62), and defendants Halasi and O'Daniel have filed a reply (doc. #66).

    In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a complaint "pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of

---

[1] Officer Halasi's first name is apparently unknown to plaintiff.

the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557).

Plaintiff commenced this action against defendants under 42 U.S.C. § 1983, seeking to recover damages for claimed injuries and deprivation of his civil rights stemming from his arrest by LVMPD officers and subsequent incarceration at the CCDC. Specifically, plaintiff alleges that he was subject to excessive force during his arrest and was mistreated during and after his transportation to the CCDC.

**I. Claims against the officers**

Defendants seek to dismiss officers Halasi and O'Daniel, Douglas Gillespie (both in his official and individual capacity) and CCDC from this action. Because suing an officer in his or her official capacity is the equivalent of suing a governmental or municipal entity itself, the court dismisses any claims asserted against Officers Halasi and O'Daniel in their official capacities. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099 (1985). Further, plaintiff's claims against Gillespie in his official capacity are duplicative of his claims against LVMPD and are therefore dismissed. *See Scott v. Las Vegas Metropolitan Police Department*, 2011 WL 2295178 (2011). Plaintiff has failed to allege that Douglas Gillespie had any personal involvement in plaintiff's arrest or incarceration, that Gillespie was personally aware of prior incidents in which LVMPD or CCDC officers engaged in this type of allegedly improper conduct, or that Gillespie in his individual supervisory capacity negligently trained or supervised the officers. *See Id.* at 8-9. Accordingly, the court dismisses any claim against defendant Gillespie in his individual capacity.

**II. Claims against CCDC and LVMPD**

**(1) CCDC as a defendant**

This court finds that CCDC is not an entity capable of being sued. In *Wayment v. Holmes*, 112 Nev. 232, 912 P.2d 816 (1996), the Nevada Supreme Court found that the Washoe County District Attorney's Office was simply a department of the county and not a separate political subdivision subject to suit under N.R.S. 41.031. Under Nevada law, LVMPD ( not the detention center itself) is the entity that is statutorily responsible for the conduct of its corrections officers.

-2-

*See* NRS 280.280(4)[2]; *see also* NRS 280.284[3]. Accordingly, the court dismisses CCDC because CCDC is a department of the county, not a separate entity.

However, by defendants' own admission, "the final policy-maker for all matters involving the operation of CCDC is the elected [s]heriff, or LVMPD itself." (doc. #40, p. 11). Because LVMPD is the policy-maker and overseer of CCDC and its officers, LVMPD is the properly named defendant and will not be dismissed.

**(2) Municipal liability through LVMPD for alleged pre and post-arrest violations**

To hold a municipality liable under §1983, the complainant must contain, at a minimum, "a bare allegation that the individual [officer's] conduct conformed to official policy, custom or practice." *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 624 (9th Cir. 1988). Plaintiff's federal rights must have been violated by a municipal official or employee who was acting pursuant to an official municipal policy or well-settled municipal custom, and the policy or custom must have caused the violation of the federal rights. *See Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

**(i) Pre-incarceration**

Here, plaintiff has not only failed to identify any specific policy that resulted in a deprivation of his federal rights, but plaintiff has also failed to allege that any LVMPD officer violated his civil rights while following such a policy during the course of his arrest. Accordingly, plaintiff's claims relating to alleged pre-incarceration civil rights violations are dismissed without prejudice.

---

[2] "The department {LVMPD} is responsible for the defense of any claim and for any judgment arising out of any act or omission to act on the part of the committee, the sheriff, or any officer, employee or agent of the department, for which a political subdivision of the State may be held responsible pursuant to NRS 41.0305 to 41.039, inclusive. The department may sue or be sued with regard to these matters."

[3] "A department may enter into a contract with a county or any participating city for the operation or maintenance, or both, by the department with its own employees of a jail established by the other contracting party."

1       **(ii) Post-arrest**

2     Turning to plaintiff's allegations regarding post-arrest violations under § 1983, which
3 allegedly took place at CCDC, this court finds that dismissal is not appropriate at this time. Under
4 the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available administrative
5 remedies before bringing a federal action. 42 U.S.C. § 1997e(a). In deciding a motion to dismiss
6 for failure to exhaust administrative remedies, the proper remedy where the defendant can show that
7 a claim has not been exhausted is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108,
8 1119-20 (9th Cir. 2003).

9     Defendants have produced evidence demonstrating that plaintiff has, by his own admission,
10 not exhausted the appropriate administrative remedies before filing this action in federal court. (*See*
11 doc. #59, p. 12). In response, plaintiff argues that, due to being incarcerated in a "strip cell," he was
12 unable to file a proper grievance. Although futility is not an excuse for failure to exhaust, plaintiff
13 has asserted that he did, in fact, file multiple grievances, which they were ignored by CCDC
14 officers. Plaintiff contends that evidence of his attempted grievances while at CCDC may be found
15 in his inmate record, but that he does not currently have access to his file.

16     Because plaintiff does not currently have access to his inmate file, and because the
17 defendants have not submitted a copy of it to the court, an issue of fact remains as to whether
18 plaintiff has in fact met the administrative exhaustion requirements. Accordingly, the court denies
19 defendant's motion to dismiss claims regarding alleged violations stemming from events which
20 occurred at CCDC.

21     Accordingly,

22 . . .

23 . . .

24 . . .

25 . . .

26 . . .

27 . . .

28

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motions to dismiss (doc. #s 40 and 59) are GRANTED IN PART and DENIED IN PART.  Defendants Halasi and O'Daniel are dismissed as defendants in their official capacities, Douglas Gillespie is dismissed in his individual and official capacities, and CCDC is dismissed as a defendant.  Defendants' motion to dismiss LVMPD (doc. # 40)  is DENIED.

DATED July 6, 2011.

JAMES C. MAHAN
United States District Judge