# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN COTTLE, et al.,

    Plaintiff,

vs.

DOUG GILLESPIE, et al.,

    Defendants.

Case No. 2:10-CV-00271-JCM-(PAL)

**ORDER**

    Presently before the court is pro se plaintiff Sean Cottle's motion to reargue the court's order (doc. #79) dismissing plaintiff's case in part by dismissing defendant Gillespie and other defendant officers in their official capacities (doc. # 69). Defendants have responded. (Doc. #80). Plaintiff did not file a reply.

    On July 6, 2011, the court entered an order granting in part and denying in part defendants' motion to dismiss (doc. #69). The court dismissed any claims asserted against Officers Halasi and O'Daniel in their official capacities, under the doctrine of sovereign immunity, because suing an officer in his or her official capacity is equivalent to suing a governmental or municipal entity itself. *See* July 6, 2011 order, Doc. #69 (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). In addition, the court dismissed claims against Gillespie in his official capacity because the claims against Gillespie were duplicative of the plaintiff's claims against LVMPD. *Id.* (citing *Scott v. Las Vegas Metro Police Dep't.*, 2:10-CV-01900-ECR, 2011 WL 2295178 (D. Nev. June 8, 2011)). Further, the court dismissed claims against Gillespie in his individual capacity because plaintiff failed to allege any

personal involvement by Gillespie in plaintiff's arrest or incarceration, or that Gillespie had negligently trained or supervised the officers. *See id.*

On July 18, 2011, plaintiff filed a motion to reconsider the July 6, 2011, order. (Doc. #70). On July 25, 2011, prior to this court's ruling on the motion to reconsider, plaintiff filed a notice of appeal, seeking review of the July 6, 2011, order by the Ninth Circuit Court of Appeals. On September 7, 2011, the court entered an order denying plaintiff's motion to reconsider because the plaintiff's appeal divested the court of jurisdiction to reconsider the July 6, 2011, order. (Doc. #78). On October 18, 2011, the court granted plaintiff's motion seeking to voluntarily withdraw his appeal. (Doc #82). Thus, the court will look at the instant motion as a renewed motion to reconsider because this court now has jurisdiction.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b). Furthermore, review of dismissal for failure to state a claim is limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The plaintiff fails to present any new law, new facts, or new evidence indicating that any of the circumstances enumerated by the Ninth Circuit are present here. In the present motion for reconsideration, plaintiff asks this court to reconsider its order (doc. #69), because Gillespie, must be held accountable for the conduct of his subordinates. Plaintiff, however, has failed to provide any basis for this court to reconsider its previous order. Accordingly, this court must again deny the motion to reconsider.

Therefore,

. . .

. . .

. . .

. . .

1 | IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Sean Cottle's
2 | motion to reargue (doc. #79) be, and the same hereby is, DENIED.
3 | DATED October 25, 2011.

_____
JAMES C. MAHAN
United States District Judge