**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN COTTLE,<br><br>                      Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT, et al.,<br><br>                      Defendants. | Case No. 2:10-cv-00271-JCM-PAL<br><br>**ORDER AND SCHEDULING ORDER**<br><br>(Mtn for Copy - Dkt. #54)<br>(Mtn to Withdraw - Dkt. #55)<br>(Mtn for Service - Dkt. #57)<br>(Mtn for Leave - Dkt. #58) |

      This matter is before the court on Plaintiff's Motion for Copy of Docket Sheet (Dkt. #54), Plaintiff's Motion to Withdraw Last Motion Filed (Dkt. #55), Plaintiff's Motion and Notice for Served and Unserved Defendants (Dkt. #57), and Plaintiff's Motion for Leave or Continuance on Admissions, Interrogatories, Production of Documents (Dkt. #58). The court has considered the motions.

**I.    Procedural History**

      On February 25, 2010, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Dkt. #1) and submitted a Complaint. The court granted Plaintiff's Application to Proceed *In Forma Pauperis*, and Plaintiff paid the initial partial filing fee. *See* Dkt. ##8, 10. The court screened the Complaint pursuant to 28 U.S.C. § 1915A. *See* Order, Dkt. #11. On December 21, 2010, the court granted Plaintiff's Motion to Amend Complaint (Dkt. #14). *See* Order, Dkt. #14. The court screened Plaintiff's Amended Complaint, dismissing count one, issued summons, and denied several of Plaintiff's motions. *See* Order, Dkt. #21. Plaintiff filed a Notice of Appeal as to the court's Order (Dkt. #21). *See* Dkt. #24. While Plaintiff's appeal was pending, the United States Marshal's Service attempted to effect service of process of the Amended Complaint, and it was successful in serving some Defendants but not others. *See generally* USM 285 Returns, Dkt. ##28-36. On February 11, 2011, the Ninth Circuit dismissed

Plaintiff's appeal for lack of jurisdiction.  *See* Order of USCA, Dkt. #39.  Defendants Clark County Detention Center ("CCDC"), Doug Gillespie, and Las Vegas Metropolitan Police Department ("LVMPD") filed a Motion to Dismiss (Dkt. #40).  Plaintiff filed a Motion for Reconsideration with the Ninth Circuit.  *See*  Dkt. #47.

On February 15, 2011, the court granted Plaintiff's Motion to Serve Unserved Defendants, directed the Clerk of Court to re-issue summons, and allowed Plaintiff a second opportunity to serve the unserved Defendants.  *See* Order, Dkt. #44.  On March 29, 2011, Defendants Melanie O'Daniel and Ryan Halasi filed a Motion to Dismiss (Dkt. #59).  On April 4, 2011, the Ninth Circuit denied Plaintiff's Motion for Reconsideration and ordered that no further filings would be accepted in the closed appeal.  *See* Order of USCA, Dkt. #61.  The district judge signed the Order on Mandate on April 21, 2011.  On July 6, 2011, the district judge granted in part and denied in part the Defendants' Motions to Dismiss (Dkt. ##40, 59), dismissing Defendants O'Daniel and Halasi in their official capacities, dismissing Defendant Gillespie in his individual and official capacities, and dismissing CCDC.  The court denied Defendant LVMPD's Motion to Dismiss.  *See* Order, Dkt. #69.  Plaintiff filed a Notice of Appeal on July 25, 2011.  *See* Dkt. #71.  On October 18, 2011, the district judge granted Plaintiff's Motion to Withdraw Notice of Appeal (Dkt. #77).  *See* Order, Dkt. #82.

## II.    Discussion

The Motions currently under submission were filed just after Plaintiff's first appeal was dismissed by the Ninth Circuit and before Plaintiff filed his second Notice of Appeal on July 25, 2011.  Plaintiff's Motion for Copy of Docket Sheet (Dkt. #54) and Motion to Withdraw Last Motion Filed (Dkt. #55) were actually filed as one document, but because it requests two forms of relief, the Clerk of Court docketed it as two separate entries.  Plaintiff states that he is having trouble getting filings to the court in a timely manner.  He states that the prison in which he is incarcerated lost his motion, found it thirty days later, and mailed it after Plaintiff had already re-mailed it to the court.  With respect to Plaintiff's request for a copy of the docket sheet, the statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment.  *See* 28 U.S.C. § 1915.  Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding *in forma pauperis* to receive free copies of documents from the

court without the plaintiff demonstrating a specific showing of need.  *See, e.g., Collins v. Goord,* 438 F.Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker,* 43 F.3d 1483 (10th Cir. 1994) (no right to free copy of any document in record unless plaintiff demonstrates specific need); *In re Richard*, 914 F.2d 1526 (6th Cir. 1990) (28 U.S.C. § 1915 does not give litigant right to have documents copied at government expense); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (no free copy of court orders).  Here, Plaintiff has not made the required showing, and his Motion for a Copy of the Docket Sheet (Dkt. #54) is denied.

With respect to Plaintiff's request to withdraw the last notice/motions filed, it is unclear which documents Plaintiff wants the court to disregard.  The only pending motions on the court's docket are being disposed of by this order.  As a result, Plaintiff's Motion to Withdraw (Dkt. #55) is denied.

Plaintiff's Motion for Served and Unserved Defendants (Dkt. #57) requests the court allow Plaintiff to re-serve Defendant Troy Wayne.  The USM Form 285 reflects that service was refused because "Summons needs to reflect Officer and P#."  The court has reviewed the Summons issued by the Clerk of Court, and summons was issued to "Officer Sgt Troy Wayne."  It also reflected that Officer Wayne's badge number is 4148.  It is unclear to the court why service of the Summons and Amended Complaint was refused.  The court will direct that counsel for Defendants notify the court whether LVMPD will accept service on behalf of Defendant Wayne.  If LVMPD is unwilling to accept service on behalf of Defendant Wayne on or before December 1, 2011, counsel for LVMPD shall file a notice with the court under seal listing Defendant Wayne's home address so that Plaintiff can effect service.  Plaintiff's Motion (Dkt. #57) is granted.

Finally, Plaintiff's Motion for Leave or Continuance (Dkt. #58) requests a longer time under Federal Rule 29.  Plaintiff states that he is having trouble getting legal help from anyone in the law library.  He is not permitted to access the law library because he is on lock-down, and he cannot understand the motions he has received from Defendants.  It appears Plaintiff is attempting to secure additional time to serve Defendants with requests for production of documents, interrogatories, and requests for admissions.  No Defendant filed a response to the Motion, and a scheduling order has not been entered.  Therefore, Plaintiff's Motion (Dkt. #58) will be denied as premature.  On October 25, 2011, the district judge entered an Order (Dkt. #83) denying Plaintiff's Motion to Reargue, which the

court construed as a renewed motion to reconsider the motion to dismiss. The court will, therefore, enter its standard scheduling order.

**III.  Scheduling Order**

The following dates shall apply:

1. Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed on or before **January 13, 2012.** Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

2. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served on or before **January 13, 2012**.

3. Any discovery motions shall be filed and served no later than **February 3, 2012**.

4. Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than **January 4, 2012.**

5. Any motion filed beyond the time limit fixed by this Scheduling Order shall be stricken, unless the Court grants an exception for good cause shown.

6. **DISCOVERY:** Pursuant to LR 16-1(b), discovery in this action shall be completed on or before **February 13, 2012**.

7. **EXTENSIONS OF DISCOVERY:** Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court on or before **December 23, 2011**, or at least **twenty days** prior to this expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

    (a) A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

    (b) A specific description of the discovery which remains to be completed;

///

|   |   |   |
|---|---|---|
| | (c) | The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and |
| | (d) | A proposed schedule for the completion of all remaining discovery. |

8. In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order.  Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 4 of this Order.

9. **PRETRIAL:** Pursuant to LR 16-3(a), the Clerk shall issue a Pretrial Notice Order five (5) days past the date for filing motions for summary judgment or all motions for summary judgment are denied, whichever is later.

10. Any party who desires an amendment to this Scheduling Order shall, on or before **January 13, 2012**, file and serve a statement of proposed amendments and the reasons therefor.  Each other party shall have until **January 30, 2012,** to file and serve a response thereto.  After January 13, 2012, any amendment of this Scheduling Order shall be granted only upon motion and good cause shown.

11. In all cases where a party or counsel is required to effect service hereunder, a certificate of such service shall be filed forthwith with the Clerk of the Court.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Copy (Dkt. #54) is DENIED WITHOUT PREJUDICE.
2. Plaintiff's Motion to Withdraw (Dkt. #55) is DENIED.
3. Plaintiff's Motion for Service (Dkt. #57) is GRANTED.

/ / /
/ / /
/ / /
/ / /

1    4.    Plaintiff's Motion for Continuance (Dkt. #58) is DENIED.

Dated this 14th day of November, 2011.

```
                                        _____
                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE
```