# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN COTTLE, et al.,

Plaintiff,

vs.

DOUG GILLESPIE, et al.,

Defendants.

Case No. 2:10-CV-00271-JCM-(PAL)

**ORDER**

Presently before the court is defendants Las Vegas Metropolitan Police Department, Officer Ryan Halasi, Officer Melanie O'Daniel, and Sergeant Troy Wayne's motion for summary judgment. (Doc. #111). Plaintiff Sean Cottle, appearing in proper person, has filed a response (docs. #114 and #115), to which the defendants have replied (doc. #116).[1]

## I. Background

This case arises from plaintiff's May 6, 2008, arrest and detention at the Clark County Detention Center ("CCDC"). Plaintiff alleges that the defendants' conduct, both during his arrest and continuing throughout his detention, violated his civil rights.

On the date in question, Officers Halasi and O'Daniel were responding to a disturbance call at an apartment complex located at 713 East Sahara Avenue, Las Vegas, NV. The call was not related to

[1] The court notes that Mr. Cottle has filed a sur-reply. (Doc. #117). However, Mr. Cottle never sought leave of court to filed the document, and neither the Federal Rules of Civil Procedure, nor the local rules of the District of Nevada, permit such a filing. Defendants have moved to strike the improper filing (doc. #118), and this court finds it appropriate to grant the motion to strike.

Mr. Cottle. After responding to the call, and while returning to their vehicles, the officers heard a female scream in distress. They saw a female run across the street being chased by, who they later learned, was Mr. Cottle.

The officers commanded Mr. Cottle to stop, and when he did not, gave chase. Mr. Cottle ran into an apartment building, locked the door behind him, and proceeded to go upstairs. An unidentified third party opened the door for the officers and advised them that Mr. Cottle had run upstairs. The officers then observed Mr. Cottle jump out of a second story window, onto a roof, and finally down to the ground. The officers caught up with Mr. Cottle and again demanded he stop running and lay on the ground. Instead, Mr. Cottle began throwing objects at the officers. After a failed attempt to subdue Mr. Cottle using a taser device, the officers were finally able to take Mr. Cottle into custody.

Upon his arrival at CCDC, Mr. Cottle remained combative and had to be restrained by CCDC officers and placed into a restrain chair. Mr. Cottle began yelling racial slurs. A spit mask was then placed over Mr. Cottle's face. Nevertheless, Mr. Cottle still managed to spit on officers. The officers at CCDC twice tried to have nurses evaluate Mr. Cottle, but each time Mr. Cottle's hostility and yelling at the nurses prevented their being able to fully evaluate him. Despite Mr. Cottle's struggles, the nurses were able to confirm that he had circulation in his limbs, was able to breathe sufficiently, and had 96% pulse oxygenation.

The court previously dismissed all claims against Officers Halasi and O'Daniel in their official capacities, dismissed all claims against Sheriff Gillespie in his individual and official capacities, and all claims against CCDC. *See* Doc. #69. The defendants now move for summary judgment as to the remaining claims.

**II. Discussion**

*A. Standard of Review*

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn*., 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment

is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. 317, 324; Fed. R. Civ. P. 56(c).

Pursuant to Local Rule 7-2(d), a non-moving party's failure to file points and authorities in response to a motion for summary judgment shall constitute a consent to the granting of the motion. However, as the Ninth Circuit stated in *Martinez v. Stanford*, 323 F.3d 1178 (9th Cir. 2003), a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition. The court in *Martinez* held that the failure to oppose the motion does "not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Id.* at 1182.

*B. Analysis*

The court finds that Mr. Cottle has failed to comply with the requirements of Local Rule 7-2(d). The only pertinent document he has filed in opposition to the motion for summary judgment is his "supplemental response." (Doc. #115). This document consists of 459 pages of exhibits, organized in no apparent order and containing no argument interpreting the evidence. Indeed, even construing Mr. Cottle's papers broadly, as this court must, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), this court is still unable to see how the filing effectively opposes the motion for summary judgment. To make use of Mr. Cottle's supplement, the court would have to abandon its traditional role and instead become an advocate by analyzing and interpreting Mr. Cottle's documentation to see what exhibit is relevant to what cause of action and how it disputes the defendants' claims. In effect, the court would have to create its own opposition to the defendants' motion using the exhibits plaintiff has

provided. Such action is clearly inappropriate and goes far beyond the Supreme Court's holdings regarding pro se litigants. *See id.*

Nevertheless, this court must still hold defendants' to their burden of establishing that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. *Martinez*, 323 F.3d at 1182. Here, the court finds that the defendants have satisfied their burden.

Defendants are entitled to summary judgment as to counts VI and VII because Officer O'Daniels enjoys absolute immunity for her testimony against Mr. Cottle in his criminal case. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).

Plaintiff's ninth cause of action, alleging that his procedural due process rights were violated when he was assigned to the maximum security wing of CCDC also fails. Inmates have no constitutional right to enjoy any particular security classification. *See Montayne v. Haymes*, 427 U.S. 236, 242 (1976). While a jail may not subject a detainee to punitive conditions of confinement, *see Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979), they may impose non-punitive security measures to ensure the safety of both inmates and correctional officers. *See id.* at 546-47, n. 28. Here, as in *Bell*, there is no evidence "to indicate that the [jail] officials have exaggerated their response to these considerations;" therefore the court should "defer to [the jail's] expert judgment in such matters." *Id.* at 540 n. 23.

With regards to the tenth cause of action, there is no evidence in the record to support the contention that Sergeant Wayne supervised the officers under his control with reckless disregard to Mr. Cottle's rights. To prevail, Mr. Cottle must show that Sergeant Wayne took (1) culpable action or inaction in the training, supervision, or control of his subordinates; (2) acquiesced in the constitutional violation Mr. Cottle complains of; or (3) showed a "reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Here, there is no evidence that Sergeant Wayne in any way encouraged, advised, or assisted another officer in violating Mr. Cottle's civil rights or that he otherwise acquiesced to such a violation.

The evidence establishes that there is no genuine issue of material fact with regards to the eleventh cause of action. Mr. Cottle claims that LVMPD is liable for failing to attend to Mr. Cottle's medical needs when he suffered bleeding from the mouth and a cut near his eye while being detained at CCDC. The evidence, however, tells a different story. Exhibits I and J establish that two separate

nurses came to attend to Mr. Cottle. However, Mr. Cottle's violent outbursts and verbal harassment precluded the nurses from properly attending to him. Under these facts, the court cannot find that LVMPD was deliberately indifferent to any serious medical need of Mr. Cottle. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Mr. Cottle's § 1983 claims against defendant LVMPD are similarly lacking any evidentiary support. A municipal entity, such as the police department, may be held liable under § 1983 only when the municipal entity is the driving force behind an employee's unconstitutional actions. *See Monell v. Dep't of Social Service*, 463 U.S. 658, 690-91 (1978). The record is devoid of evidence that a policy-making LVMPD official was deliberately indifferent to Mr. Cottle's constitutional rights by promulgating a policy or custom causing constitutional violations.

Finally, the record before this court appears to reflect that Mr. Cottle failed to exhaust his administrative remedies prior to filing suit. Pursuant to the Prisoner Litigaiton Reform Act, "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Here, Mr. Cottle filed a complaint with Internal Affairs and the Citizen Review Board. However, these complaints did not provide Mr. Cottle with a remedy, and therefore cannot satisfy the exhaustion requirement of the Prisoner Litigation Reform Act. *See Panaro v. City of N. Las. Vegas*, 432 F.3d 949, 953 (9th Cir. 2005).

**III. Conclusion**

Pursuant to the foregoing, the court finds it appropriate to grant defendants' motion. Even construing Mr. Cottle's papers broadly, as this court must, the court does not find a genuine issue of material fact militating against an award of summary judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' motion for summary judgment (doc. #111) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to strike plaintiff's sur-reply (doc. #118) be, and the same hereby is, GRANTED. Plaintiff's sur-reply is therefore STRICKEN.

IT IS FURTHER ORDERED that the clerk of the court enter judgment in favor of the moving defendants and against plaintiff as appropriate.

DATED April 19, 2012.

UNITED STATES DISTRICT JUDGE